## Women's Wear Mfg. Coöperative Banking Association, Appellant, *v.* Lochter.

*Debtor and creditor—Payment—Application of payments—Case for jury.*

On the trial of an issue to determine the amount due on a judgment entered on a judgment note, where it is admitted that certain payments had been made by the defendant to the plaintiff, but the evidence is conflicting as to whether such payments had been applied by the defendant to the note, or to other indebtedness due by the defendant to plaintiff, the case is for the jury.

Submitted Nov. 8, 1916. Appeal, No. 248, Oct. T., 1916, by plaintiff, from judgment of Municipal Court, Philadelphia Co., Feb. T., 1916, No. 492, on verdict for defendant in case of Women's Wear Manufacturing Coöperative Banking Association v. Jacob Lochter, Israel Friedman, et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER .and WILLIAMS, JJ. Affirmed.

Issue to determine the amount due on a judgment entered on a judgment note. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court,

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*A. E. Hurshman,* for appellant.

*Joseph B. Englander,* for appellees.

OPINION BY HENDERSON, J., December 18, 1916:

The controversy between the parties to this action arose out of the allegation of Israel Friedman one of the defendants, that he was entitled to a credit of $170 on the note for $200, which was the basis of the plaintiff's action. The obligation was given for what was known by the parties as an "installment" loan. The defendant had given his obligation for two other loans of the same character and was furnished a receipt book in which credits in his favor were entered when payments were made on the installment notes. Payments on these obligations were made weekly. The defendant owed three other obligations to the plaintiff which were known as "standing" loans and which were secured by bills due to Friedman from purchasers of goods sold by him. He contends that he made payment of installments amounting to $170 to apply on the note in question and that credits were entered therefor in his receipt book. It is admitted that tender has been made to the plaintiff of the balance due on the note and if the allegation of the defendants be correct, the verdict was properly rendered. The plaintiff alleges that the payments by Friedman were paid without instruction as to how application thereof should be made and that they were distributed on all the indebtedness. This raised an issue of fact. The testimony of the secretary of the plaintiff was to the effect that the credits in Friedman's receipt book were not to apply in full on the installment loan. That book

is not before us, but the evidence indicates that it showed the payments were made on the installment indebtedness. In the light of this evidence we think the trial judge would have erred in giving binding instructions for the plaintiff as requested. The refusal of the plaintiff's first point that in the absence of any instructions from the debtor the creditor may apply such payments as he sees fit was not prejudicial to the plaintiff inasmuch as the jury was instructed that if Friedman directed credit to be given him for the payments to apply on the note, the verdict should be for the defendants, but, that, if on the other hand, the payments were made and appropriated on all the loans, the verdict should be for the plaintiff. The issue was presented as one of fact therefore to be determined on the testimony of Friedman, Rosenfeldt, the secretary, and the receipt book. The evidence satisfied the jury of the correctness of the defendants' claim. We are not persuaded that there was error in the trial of the cause

The judgment is affirmed.